# THE BROWN LAW FIRM, P.C.

767 Third Avenue, Suite 2501, New York, NY 10017, (516) 922-5427

Timothy Brown, Esq.
tbrown@thebrownlawfirm.net

**VIA CM/ECF**
Hon. Kenneth M. Karas
Federal Building and United Stated Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**MEMO ENDORSED**

April 29, 2026

Re: *Roy v. Gorevic et al.*, No. 7:24-cv-04651-KMK; Request to Seal Plaintiffs'
Unredacted Amended Verified Shareholder Derivative Complaint

Dear Judge Karas,

We represent Plaintiffs Anand Roy and Jennifer Smith ("Plaintiffs") in the above captioned case. Pursuant to Section IX(A) of the Court's Individual Rules of Practice, Plaintiffs respectfully submit this letter motion to file under seal portions of its Amended Verified Shareholder Derivative Complaint (the "Unredacted Amended Complaint").

**Legal Standard**: While there is a general common law right of public access to court records, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978). As such, courts must balance the public's interest in the filings with the privacy interests of those affected when determining whether a filing should be placed under seal. *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Courts have held that filings may be sealed to avoid the disclosure of sensitive business information that may harm the company's ability to compete. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing based on the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Justification For Sealing**: During the course of the instant litigation, Defendants produced to produced to Plaintiffs internal books and records of Nominal Defendant Teladoc Health, Inc. ("Teladoc"). These documents were produced to Plaintiffs pursuant to an agreement that the documents were confidential. The Unredacted Amended Complaint directly quotes from and otherwise describes and cites to certain of the purportedly non-public and confidential documents

produced by Teladoc and designated as confidential. The confidential portions of the Unredacted Amended Complaint are highlighted in yellow in the sealed filing.

**MEMO ENDORSED**

Respectfully submitted,

*/s/ Timothy Brown*____
Timothy Brown

cc. All counsel of record (by CM/ECF)

The public has a presumptive right of access to "judicial documents," protected both by the First Amendment and the common law.  *Koonce v. Sazerac Co.*, No. 23-CV-4323, 2026 WL 296591, at *1 (S.D.N.Y. Feb. 4, 2026).  The Complaint is undoubtedly a "judicial document."  *Brower v. Acorn Advisors Grp. Holdings, LLP*, No. 17-CV-8830, 2018 WL 11415533, at *2 (S.D.N.Y. Mar. 14, 2018) ("A complaint is a judicial document . . . .").  The right of access may be outweighed, however, as to "commercially sensitive information" in order "to protect confidential business interests and financial information."  *IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024).

As to the common law right, there is a relatively strong presumption of access.  *See Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022).  However, the Court concludes that that interest is outweighed by the need to protect "private financial information that has never been publicly released," that would "reveal detailed information" about a company's "financial condition, long-term business plans, revenue streams, and expense structures," and therefore pose a serious risk of harm to a party.  *See Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-CV-10832, 2023 WL 3477552, at *4 (S.D.N.Y. May 16, 2023).  As to the First Amendment right, the Court determines that the proposed redactions are narrowly tailored to preserving the interest in protecting proprietary, commercially sensitive information and preventing harm to business interests.  *See Pizzaro v. Sazerac Co., Inc.*, No. 23-CV-2751, 2026 WL 296593, at *6 (S.D.N.Y. Feb. 3, 2026).

Accordingly, the request to file under seal is granted.  The Clerk of Court is directed to terminate the pending motion at Dkt. No. 15.  So Ordered.

4/30/26